UNITED STATES DISTRICT COURT          <u>NOT FOR PUBLICATION</u>
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
TED A. MCCRACKEN,

          Plaintiff,                MEMORANDUM
    -against-                             <u>AND ORDER</u>
                                             08-CV-2642 (JG) (JB)
BROOKHAVEN SCIENCE ASSOCS., LLC, et al.,

          Defendants.
-----------------------------------------------------------------X
A P P E A R A N C E S:

      TED A. MCCRACKEN
          15 Derry Drive
          North Wales, PA 19454
          Plaintiff, *Pro Se*

      BENTON J. CAMPBELL
          United States Attorney
          Eastern District of New York
          271 Cadman Plaza East, 7th Floor
          Brooklyn, NY 11201
      By:    David M. Eskew
          *Attorneys for Defendants United States*
          *of America, U.S. Department of Energy,*
          *U.S. Department of Defense, and U.S.*
          *Nuclear Regulatory Commission*

      LANDMAN CORSI BALLAINE & FORD P.C.
          120 Broadway
          New York, NY 10271
      By:    Rebecca Embry
          Marka Belinfanti
          *Attorneys for Defendants Research*
          *Foundation of the State University*
          *of New York*

      NIXON PEABODY LLP
          50 Jericho Quadrangle, Suite 300
          Jericho, NY 11753
      By:    Michael S. Cohen
          Bryan F. Lewis
          *Attorneys for the remaining Defendants*

JOHN GLEESON, United States District Judge:

On June 23, 2008, Ted McCracken filed a complaint alleging numerous causes of action for damages inflicted on him by particle accelerators and "nuclear sites" linked in various ways to the defendants in this action.[1]  For the following reasons, I dismiss McCracken's claims against the United States, the U.S. Department of Energy, the U.S. Department of Defense, and the U.S. Nuclear Regulatory Commission (collectively, the "federal defendants") on sovereign immunity grounds and dismiss his claims against the remaining defendants (collectively, the "private defendants") as untimely.[2]

The federal defendants argue (1) that McCracken's claims against them are brought pursuant to the Federal Tort Claims Act ("FTCA"); (2) that only the United States, rather than its individual agencies, is a proper party in FTCA actions; and (3) that the FTCA does not apply to McCracken's claims because the facilities allegedly responsible for McCracken's injuries are owned by the government but operated by independent contractors.  McCracken does not dispute any of these contentions, and I find them persuasive.  Accordingly, McCracken's claims do not fall within the limited waiver of sovereign immunity represented by the FTCA, and must be dismissed on those grounds.

The private defendants argue that McCracken's various claims against them are

---

[1]     Oral argument was held on March 13, 2009.  On March 11, McCracken made a meritless request to appear via telephone, which was denied, and he did not appear at oral argument.

[2]     I am not persuaded by defendant Research Foundation of State University of New York's ("Research Foundation") argument that McCracken has failed to invoke the jurisdiction of this Court by demonstrating a "reasonable probability" that the matter in controversy here exceeds the value of $75,000.  *See Chase Manhattan Bank, N.A.*, v. Amer. Nat'l Bank & Trust Co., 93 F.3d 1064, 1070 (2d Cir. 1994)  McCracken alleges that defendants' actions caused, *inter alia*, thyroid cancer, infertility, and the loss of all of his teeth.  Because it is reasonably probable that the monetary amount of damage represented by these injuries exceeds the relevant jurisdictional amount, McCracken has adequately pleaded an amount in controversy sufficient to satisfy 28 U.S.C. § 1332(a).  Although, as Research Foundation observes, it is significantly less likely that he would be able to demonstrate damages in the amount actually claimed (over $30 billion), the relevant question is whether "the claim is really for *less than the jurisdictional amount*."  *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938) (emphasis added).

untimely.  McCracken does not dispute that his injuries arose, at the latest, on June 21, 2005, when he alleges that he was diagnosed with thyroid cancer.  The instant action was filed on June 23, 2005, over three years later.[3]

With regard to McCracken's claims that he was damaged by radiation from various particle accelerators, it is unclear whether his action against the non-federal defendants arises under state tort law or the Price-Anderson Act, which provides an exclusive federal right of action for damage arising from a "nuclear incident."  42 U.S.C. § 2014(q).  However, I need not resolve this ambiguity.  Whether McCracken's claims arise under state law or the Price-Anderson Act, the longest applicable limitations period is three years, *see* 42 U.S.C. § 2210(n)(1)(F);  N.Y.C.P.L.R. § 214-c(2) (three-year limitations period for negligence and nuisance actions).  Because McCracken admittedly discovered his injuries more than three years before filing this complaint, his claims against the non-federal defendants are untimely.

McCracken argues that N.Y.C.P.R.L. § 214-c(4) provides the relevant limitations period.  Section 214-c(4) permits a claimant to file certain actions "within one year of such discovery of the cause of the injury."  That is, the cause of action runs from the discovery of the *cause* of the injury, rather than the discovery of the injury itself.  However, to avail himself of this provision, McCracken must "allege and prove that technical scientific or medical knowledge and information sufficient to ascertain the cause of his injury had not been discovered, identified or determined" prior to the expiration of the otherwise-applicable three-year period of Section 214-c(2).  *Id.* at § 214-c(4).  McCracken's opposition papers suggest that defendants have tried to conceal the harmful nature of their activities, Pl. Opp. Mem. 5, but these allegations do not appear in the complaint and are in any event insufficient to establish the applicability of the one-year "discovery of cause" limitation period.  McCracken has also moved to, through papers

---

[3]       June 23, 2005 was a Tuesday.

received in chambers via overnight express on March 13, 2009, to file an amended complaint purporting to demonstrate the applicability of Section 214-c(4). Not only is this motion untimely, it is without merit, as I conclude that the proposed amendments fail to demonstrate the applicability of Section 214-c(4). Accordingly, I find McCracken has failed to rebut the private defendants' assertion that his complaint is untimely.

For the foregoing reasons, McCracken's complaint is dismissed and his motion to amend is denied.

So ordered.

John Gleeson, U.S.D.J.

Dated: March 13, 2009
        Brooklyn, New York